IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2112-FL

MAURICE LASHONE MCLEAN,          )
                                 )
             Petitioner,         )
                                 )
     v.                          )          ORDER
                                 )
STATE OF NORTH CAROLINA,         )
                                 )
             Respondent.         )

Petitioner, a former state inmate, petitions this court for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  This matter came before the court on the motion for summary judgment

(DE # 15) pursuant to Federal Rule of Civil Procedure 56 of respondent the State of North Carolina

("respondent"), to which petitioner responded.  In this posture, the matter is ripe for adjudication.

For the following reasons, the court grants respondent's motion for summary judgment.

### STATEMENT OF CASE

On July 19, 2010, petitioner pleaded guilty, in the Johnston County Superior Court, to felony

breaking and entering and larceny after breaking and entering.[1]  Resp.'t's Mem. Ex. 1.  Petitioner

was sentenced within the presumptive range to two consecutive terms of eleven (11) to fourteen (14)

months imprisonment.  Id. Exs. 1,2.  Petitioner did not file a direct appeal.

---

[1] The court notes that petitioner also was indicted for habitual felon status, but pled not guilty to the habitual felon charge and elected to be tried separately on that charge.  Resp.'t's Mem. Ex. 1.  Petitioner does not challenge his habitual felon proceedings in this action.

On February 23, 2011, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Johnston County Superior Court, which was denied on March 17, 2011. Id. Exs. 2, 3. On May 9, 2011, petitioner filed a *pro se* petition for writ of certiorari in the North Carolina Court of Appeals challenging the superior court's denial of his MAR. Id. Ex. 4. On May 24, 2011, the court of appeals denied petitioner's certiorari petition. Id. Ex. 6.

On June 15, 2011, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the following: (1) that he was sentenced to duplicative charges in violation of Double Jeopardy Clause of the Fifth Amendment to the United States Constitution; (2) that he was sentenced based upon the incorrect sentencing guidelines; and (3) that he received ineffective assistance of counsel. Petitioner was released from incarceration on October 11, 2011.

On April 25, 2012, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. The matter was fully briefed.

## DISCUSSION

A.      Motion for Summary Judgment

1.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. <u>See</u> 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. <u>Williams v. Taylor</u>, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." <u>Id.</u> at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. <u>Id.</u> The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the

3

> [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001).  Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

    2.    Analysis

    a.    Double Jeopardy

In his first claim, petitioner alleges that his convictions for both felony breaking and entering and larceny after breaking and entering violates the Double Jeopardy Clause.  Petitioner raised this claim in the MAR court.  The MAR court summarily adjudicated this claim, and denied it.

The Double Jeopardy Clause prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  See Jones v. Thomas, 491 U.S. 376, 381 (1989); United States v. Martin, 523 F.3d 281, 290 (4th Cir. 2008).  Here, petitioner argues that by permitting separate convictions for both breaking and entering and larceny, the North Carolina court in effect, imposed multiple punishments for the same offense.

The Supreme Court addressed whether two offenses are the same for purposes of double jeopardy in Blockburger v. United States, 284 U.S. 299 (1932).  In Blockburger, the Court stated that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not."  Id. at 304.

4

Felony breaking or entering requires proof of breaking or entering "any building with intent to commit any felony or larceny therein." N.C. Gen. Stat. § 14-54. The offense of larceny requires proof that the defendant (1) took the property of another; (2) carried it away; (3) without the owner's consent; and (4) with the intent to deprive the owner of property permanently. United States v. Jarmon, 596 F.3d 228, 230 (4th Cir. 2010). Here, the breaking or entering offense requires breaking or entering a building, whereas the offense of larceny does not. Likewise, the offense of larceny requires the taking and carrying away of property, whereas the offense of breaking or entering does not. Because each conviction required proof of a fact that was not necessary for the other, there was no violation of double jeopardy under Blockburger. Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, respondent is entitled to summary judgment for this double jeopardy claim.

b.      Sentencing Guideline Challenge

In his second claim, petitioner argues that he was inappropriately sentenced within the aggravated range of the North Carolina sentencing guidelines when there were no aggravating factors present. In response, respondent argues that this claim is procedurally defaulted.

Under the doctrine of procedural default, a federal court is precluded from reviewing the merits of any claim that was found to be procedurally barred by the state court on adequate and independent state grounds. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). However, procedurally defaulted claims can be reviewed by a federal habeas court if the petitioner demonstrates cause and prejudice, or that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To show cause, a petitioner must

show something external prevented him from complying with the state procedural rule. Coleman, 501 U.S. at 753. To show prejudice, a petitioner must show he actually was prejudiced as a result of the alleged violation of federal law. United States v. Frady, 456 U.S. 152, 168 (1982).

In this case, petitioner failed to raise his sentencing guideline challenge in his MAR. Because of this omission, he has not adequately presented this claim to the state courts. If petitioner now filed a MAR or a petition for discretionary review to the North Carolina Supreme Court, the claims would be barred by the state court under North Carolina's procedural bar statute, N.C. Gen. Stat. § 15A-1419(a)(1), (a)(3), and (b). See Rose v. Lee, 252 F.3d 676, 683 (4th Cir.) (holding N.C. Gen. Stat. § 15A-1419 is mandatory), cert. denied, 534 U.S. 941 (2001); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding § 15A-1419(a)(3) to be an independent and adequate state procedural bar, precluding federal habeas review), cert. denied, 525 U.S. 1155 (1999); McCarver v. Lee, 221 F.3d 583, 588-589 (4th Cir. 2000) (holding § 15A-1419(a)(3) is an independent and adequate state procedural bar that is consistently and regularly applied even in "the special case" of ineffective assistance of counsel claims). Based on the foregoing, petitioner's sentencing guideline challenge is procedurally barred.

Petitioner has not alleged facts to support cause or prejudice for his failure to raise this claim in his MAR. Because petitioner has not satisfied the cause and prejudice test necessary to overcome his procedural default, his claim is procedurally defaulted. Accordingly, this court is precluded from reviewing petitioner's entrapment claim, and respondent's motion for summary judgment is granted for this claim.

6

c.    Ineffective Assistance of Counsel

In his final claim, petitioner alleges that his counsel was ineffective because counsel failed to inform him that he could receive consecutive sentences and because counsel did not "explain [] the plea terms." Pet. p. 8.   To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test.  Strickland v. Washington, 466 U.S. 668, 686-87 (1984).  First, a petitioner must show that the representation he received fell below an objective standard of reasonableness.  Id. at 688.  This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689.  Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The record reflects that petitioner testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses.  See Resp't's Mem. Ex. 1.  Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence.  Id.  He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. Id.  Petitioner further testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills.  Id.  After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial.  Id.

7

Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). The evidence in the record demonstrates petitioner was informed that his sentences could run consecutively and that he could receive a punishment of thirty (30) months imprisonment for each of the crimes to which he pled guilty. Resp't's Mem. Ex. 1. Petitioner's in-court representations during his guilty plea hearing are deemed conclusive and the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel. Thus, the court finds that petitioner's counsel was not constitutionally ineffective. Thus, the court grants respondent's motion for summary judgment as to petitioner's ineffective assistance of counsel claims.

C.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 15) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 6th day of February, 2013.

LOUISE W. FLANAGAN
United States District Judge